## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**ANTHONY JEROME McCLURE,**

**Petitioner,**

v.                                             **CIVIL ACTION NO. 2:05 CV 25**
                                                                    **CRIMINAL ACTION NO. 2:02 CR 27**
                                                                                  **(Maxwell)**

**UNITED STATES OF AMERICA,**

**Respondent.**

## ORDER

On March 18, 2005, *pro se* Petitioner Anthony Jerome McClure filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody and a Memorandum Of Law In Support thereof.

The case was referred to United States Magistrate Judge John S. Kaull for initial review and report and recommendation in accordance with Rule 83.15 of the Local Rules of Prisoner Litigation Procedure.

By Order entered April 5, 2005, Magistrate Judge Kaull advised the Petitioner that it appeared that his § 2255 Petition was untimely and provided him with 30 days from the date of entry of said Order in which to demonstrate that he was entitled to have the statute of limitations equitably tolled and/or that his § 2255 Petition was timely filed. The Petitioner was expressly advised that a failure to respond to said April 5, 2005, Order would result in a recommendation by the Magistrate Judge that the Petitioner's § 2255 Petition be denied as untimely. The Petitioner's response to the Magistrate Judge's April 5, 2005, Order was filed on April 21, 2005, and was styled "Motion In Response To Magistrate's Order."

After conducting an initial screening and review, United States Magistrate Judge John S. Kaull issued a Report And Recommendation on October 24, 2006, wherein he recommended that the Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody be denied with prejudice as untimely; that the Petitioner's Motion for Equitable Tolling[1] be denied; and that the Petitioner's Application to Proceed Without Prepayment of Fees be denied.

In his Report And Recommendation, Magistrate Judge Kaull provided the Petitioner with ten (10) days from the date he was served with a copy of said Report And Recommendation in which to file objections thereto and advised the Petitioner that a failure to timely file objections would result in the waiver of his right to appeal from a judgment of this Court based upon said Report And Recommendation.

An unsigned rough draft of Petitioner's Objection To Magistrate's Report And Recommendations was filed with the Court on November 20, 2006. A November 15, 2006, letter accompanying these Objections advised the Court that the Petitioner had enlisted the services of another inmate at FCI Edgefield, South Carolina, to assist him with his Petition and that said inmate was submitting an unsigned rough draft of the Petitioner's Objection to the Court in light of the fact that the Petitioner had subsequently been transferred to USP Bennettsville, South Carolina. The final, signed copy of Petitioner's Objection To Magistrate's Report And Recommendations was filed with the Court on December 20, 2006.

---

[1] In his Motion In Response To Magistrate's Order, the Petitioner argued that the statute of limitations for filing his § 2255 motion should be equitably tolled in light of his counsel's failure to file a direct appeal (See Docket No. 37).

2

Upon consideration of the Petitioner's Objection To Magistrate's Report And Recommendations, it appears to the Court that the Petitioner has not raised any issues that were not thoroughly considered by Magistrate Judge Kaull in his analysis of whether the Petitioner's § 2255 Petition was timely filed. In his Objection, the Petitioner is, in fact, objecting to the Magistrate Judge's failure to address the various claims he raises in his § 2255 Petition. The Court, upon an independent *de novo* consideration of all matters now before it, is of the opinion that Magistrate Judge Kaull's October 24, 2006, Report And Recommendation accurately reflects the law applicable to the facts and circumstances before the Court in this *habeas corpus* action. The Magistrate Judge had no obligation to address the Petitioner's various claim in light of his entirely accurate determination that the Petitioner's § 2255 Petition had, in fact, been filed after the expiration of the statute of limitations for the filing of such a Petition and his equally accurate determination that the alleged failure on the part of the Petitioner's attorney to file an appeal was not sufficient to meet the high standard necessary for an equitable tolling of the applicable statute of limitations. Accordingly, it is

**ORDERED** that the Report And Recommendation entered by United States Magistrate Judge John S. Kaull in the above-styled *habeas corpus* action on October 24, 2006, (Docket No. 38), be, and the same is hereby, **ACCEPTED** in totality, and that the Petitioner's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence by a Person in Federal Custody (Docket No. 32) be, and the same is hereby, **DENIED** as untimely. It is further

**ORDERED** that the Petitioner's Motion for Equitable Tolling (Docket No. 37) be,

and the same is hereby, **DENIED**. It is further

**ORDERED** that the above-styled habeas corpus action be, and the same is hereby, **DISMISSED with prejudice** and **STRICKEN** from the docket of the Court.

In light of the dismissal of the above-styled habeas corpus action, it is further

**ORDERED** that the Petitioner's Application to Proceed Without Prepayment of Fees (Docket No. 34) be, and the same is hereby, **DENIED** as moot.

The Clerk of Court is directed to transmit a copy of this Order to the *pro se* Petitioner.

**ENTER:** March   5  , 2008

/S/ Robert E. Maxwell
United States District Judge